JUNE 15, 1803.

# John Hare *v.* Thomas Y. Bryant.

*Upon a writ of error to reverse a judgment of the Fayette County Court.*

1. A lunatic may make a will if it be shown that he was of disposing memory at the time of doing so.

2. The statute authorizing the making of nuncupative wills requires that the testator should have called upon some person present to take notice that such was his will, or words of the same import—*Held:* That a literal compliance was not necessary, and that if it certainly appeared what was the testator's intention the will would be sustained.

It is proven by sundry witnesses, and more particularly by Andrew McCalla and Eliza Banks, that when Mrs. Hare made the nuncupative will in contest, she was afflicted with frequent and violent spasms which, during their continuance, entirely deprived her of the exercise of reason, but that during the intervals she

manifested such a degree of rationality and recollection as the court conceives were requisite to enable her, with propriety, to dispose of the guardianship of her infant son, and of her estate. And it is also proven that the will was made in the time of her last sickness at the habitation where she had resided ten days next preceding; and that she declared or assented to the several parts thereof, in substance, as it was committed to writing within six days thereafter, so that, in these respects, it seems that the will ought to be established. Our law, however, further requires, "that she should have called upon some person present to take notice or bear testimony that such was her will or words of the same import;" and it is not proven that this requisition was literally complied with, yet a sufficiency is proven to evince what was her intention, with as much certainty as if she had uttered the express words; and it would be absurd that her ignorance of this formality should defeat her intention when, by her word or assent, she did that which must be considered as equally satisfactory. Therefore, it is considered by the court that the judgment aforesaid be affirmed, and that each party pay their own costs in this behalf expended, which is ordered to be certified to the said court.